**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| GRADY RENARD WILLIAMS, JR., | : |
| Plaintiff, | : |
| v. | : CASE NO.: 7:24-CV-00102 (WLS) |
| CHARLIE MARCUS, *et al.*, | : |
| Defendants. | : |

## **ORDER**

Before the Court is Recommendation (Doc. 5) from United States Magistrate Judge Alfreda L. Sheppard, entered on January 28, 2025. Therein, Judge Sheppard recommends that the Court dismiss without prejudice Plaintiff Grady Renard Williams, Jr.'s ("Plaintiff") claims under 42 U.S.C. § 1983 against Defendants Charlie Marcus, H. Davis, and Sergeant McClain for failure to state a claim. Judge Sheppard recommends that Plaintiff's claims against the two remaining defendants—Officer Evans and Leuitenant Rogers—be permitted to proceed for further factual development. For the reasons discussed herein, the Recommendation is **ACCEPTED**, **ADOPTED**, and made the Order of this Court.

**I.   RELEVANT BACKGROUND**

Plaintiff filed the above-captioned action on November 6, 2024. On January 28, 2025, Judge Sheppard entered the Recommendation (Doc. 5), which also granted Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 2). The Recommendation and 28 U.S.C. § 636(b)(1) provided the parties with fourteen days to file an objection. (Doc. 5 at 21). Plaintiff filed an Objection (Doc. 11) on March 5, 2025, thirty-five (35) days after the Recommendation was entered. Although the objection was filed after the deadline, the Court will, in the interest of fairness, consider the objection in addressing the Recommendation. Plaintiff should not expect this accommodation and leniency with respect to future filings. As with all parties, Plaintiff is required to timely meet all deadlines and comply with the Orders of the Court.

## II. STANDARD OF REVIEW

A judge of the district court shall make a *de novo* determination of those portions of the recommendation to which an objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. To properly object to the Recommendation, Plaintiff is required to provide "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (internal quotation marks omitted). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Id.* at 784. In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the Court may "accept, reject, or modify, in whole or in part, the findings and recommendations." 28 U.S.C. § 636(b)(1). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Shuler v. Okeechobee CI Warden*, 815 F. App'x 457, 458 (11th Cir. 2020) (internal quotations marks omitted).

## III. LAW AND ANALYSIS

Plaintiff's Objection (Doc. 11) challenges only the denial of his Motion for Preliminary Injunction (Doc. 4).[1] In his original motion, Plaintiff requests that the Court order his release from prison under 18 U.S.C. § 3626(a)(3). (*See* Doc. 4). In his objection, however, Plaintiff now requests that the Court order that he be placed in federal custody pending the resolution of his claims. (*See* Doc. 11). This new request, which was not raised in his original motion, is untimely. In any event, the Court has not found any authority—and Plaintiff points to none—which would allow it to order Plaintiff's transfer to a federal facility based solely on the alleged conditions in his current state facility. To the extent Plaintiff seeks to amend his original motion to add this new request for relief, that request is **DENIED**, without prejudice.

Under 18 U.S.C. § 3626(a)(3), a court can only enter a prisoner release order in a case relating to prison conditions if "a court has previously entered an order for less intrusive relief that has failed to remedy the deprivation of the Federal right…[,]" and "the defendant has had

---

[1] The remainder of Plaintiff's Objection merely restates the factual allegations in his Complaint in what appears to be an attempt to address the deficiencies identified in the Recommendation. (*See* Doc. 11 at 1–2). These allegations do not "specifically identify the portions of the proposed findings and recommendation to which objection is made" nor do they state a "specific basis for objection." *Macort*, 208 F. App'x at 783. As such, the Court does not address the remaining portions of Plaintiff's objection.

2

a reasonable time to comply with the previous court orders." 18 U.S.C. § 3626(a)(3)(A)(i)(ii). Once those conditions are met, an order granting release may only be entered if a three-judge panel finds that the federal right has been violated primarily because of crowding and "no other relief will remedy the violation of the Federal right." § 3626(a)(3)(E)(i)(ii).

As noted by Judge Sheppard, Plaintiff fails to meet the requirements articulated in 18 U.S.C. § 3626 because he does not allege that any previous order has been entered with respect to his claims or that any alleged violation of his rights is related to crowding. (Doc. 11 at 20); (*see generally* Doc. 4). Plaintiff's only stated ground for a release order is an alleged violation of his Eighth Amendment right based on prison officials' deliberate indifference to his safety. (*See* Doc. 4). Plaintiff does not allege that "crowding is the primary cause of the violation of [his] Federal right[,]" as required under the statute. Thus, Plaintiff is not entitled to the relief he requests in the motion. Plaintiff's Objection (Doc. 11) is **OVERRULED**. Accordingly, Plaintiff's Motion for Preliminary Injunction (Doc. 4) is **DENIED**, without prejudice.

## CONCLUSION

Upon full review and consideration of the Record, the Court finds neither plain error nor manifest injustice in Judge Sheppard's Recommendation. Plaintiff's Objection (Doc. 11) is **OVERRULED**, and the Motion for Preliminary Injunction (Doc. 4) is **DENIED**, without prejudice. The Recommendation (Doc. 5) is **ACCEPTED**, **ADOPTED**, and made the Order of this Court, for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein.

Accordingly, Plaintiff's retaliation claim and deliberate indifference claims against Defendants Charlie Marcus, H. Davis, and Sergeant McClain are **DISMISSED**, without prejudice, for failure to state a claim. Plaintiff's deliberate indifference to safety claims against Defendants Captain Evans and Lieutenant Rogers shall proceed for further factual development.

**SO ORDERED,** this 20th day of August 2025.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

3