**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

GRADY RENARD WILLIAMS, JR.,        :
                                   :
          Plaintiff,               :
                                   :
v.                                 :        Case No. 7:24-cv-102-WLS-ALS
                                   :
DONTAE EVANS, *et al.*,[1]         :
                                   :
          Defendants.              :

**REPORT AND RECOMMENDATION**

Plaintiff brought this *pro se* action pursuant to 42 U.S.C. § 1983 on October 20, 2024. (Doc. 1). Pending before the Court are Defendants' Motion for Summary Judgment, and Plaintiff's Motions for Summary Judgment. (Docs. 39, 41, 44). For the reasons which follow, the Court recommends that Defendants' Motion for Summary Judgment be granted based on Plaintiff's failure to exhaust his administrative remedies, that Plaintiff's Motions for Summary Judgment be denied as moot, and that Plaintiff's Complaint be dismissed.

**Background**

Plaintiff alleges in relevant part that, on September 1, 2024, Defendants Captain Evans and Lieutenant Rogers brought another inmate to place in Plaintiff's cell at Valdosta State Prison ("VSP"). (Doc. 1-1). Plaintiff told Defendant Evans that they had previously discussed Plaintiff being targeted by the Gangster Disciples gang, and Plaintiff informed Defendant Evans that the inmate was a member of the Gangster Disciples. *Id.*

---

[1] According to defense counsel, Defendants' names are Dontae Evans and Stacey Rogers. (Doc. 39, at 1). The Clerk is **directed** to update the docket accordingly.

Plaintiff initially refused placement of the inmate into his cell, but after being threatened by Defendant Evans with "a pepper ball assault rifle[,]" Plaintiff conceded and permitted the inmate to be placed in his cell. *Id.* On September 14, 2024, Plaintiff contends that the inmate attempted to kill Plaintiff, and in defending himself, Plaintiff disarmed the inmate and then stabbed the inmate to death. *Id.* As a result, Plaintiff seeks damages and injunctive relief. (Doc. 1, at 15). On preliminary review of Plaintiff's Complaint, the Court allowed Plaintiff's Eighth Amendment claims for deliberate indifference to safety against Defendants Evans and Rogers to proceed for further factual development. (Doc. 5).

**Discussion**

Defendants filed a Motion for Summary Judgment, arguing that Plaintiff's Complaint should be dismissed because Plaintiff's claims are barred by the Prison Litigation Reform Act ("PLRA") due to Plaintiff's failure to exhaust his administrative remedies. Alternatively, they also argue that they did not cause the harm Plaintiff alleges and that they are entitled to qualified immunity. (Doc. 39). Plaintiff filed two (2) Motions for Summary Judgment. (Docs. 41, 44). Briefing on the Motions has concluded and this matter is ripe for review.

Having considered the Motions, the Court finds that – although not for the same reason identified by Defendants – Plaintiff failed to exhaust his administrative remedies, a prerequisite to filing his Complaint. As a result, the Court recommends that Defendants' Motion for Summary Judgment be granted on that ground. As a consequence of that finding and recommendation, the Court also recommends that Plaintiff's Motions for Summary Judgment be denied as moot. Ultimately, the Court recommends that Plaintiff's Complaint be dismissed for failure to exhaust administrative remedies.

## I.    Defendants' Motion for Summary Judgment

Defendants contend that Plaintiff failed to exhaust his administrative remedies prior to filing his Complaint in federal court. (Doc. 39-2, at 7-9). In the alternative, Defendants assert that they are entitled to summary judgment because they did not cause the harm Plaintiff allegedly suffered, and they are entitled to qualified immunity. *Id.* at 9-13. The Court agrees that Plaintiff failed to exhaust his administrative remedies, although for a different reason than that proffered by Defendants. As a result, the Court declines to address Defendants' alternative arguments.

<u>Exhaustion Standards</u>

"Because exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits, an exhaustion defense . . . is not ordinarily the proper subject for a summary judgment; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment." *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008) (internal quotation marks omitted). Such is the case here, as Defendants filed a Motion for Summary Judgment. Thus, the Court will treat the Motion as a Motion to Dismiss.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). When a grievance procedure is provided for prisoners, "an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure *before* pursuing a § 1983 lawsuit." *Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000) (emphasis added). Exhaustion of administrative remedies requires compliance with an agency's procedural rules.

*Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "To exhaust administrative remedies in accordance with the PLRA, prisoners must properly take each step within the administrative process. If their initial grievance is denied, prisoners must then file a timely appeal." *Bryant*, 530 F.3d at 1378 (internal citation and quotation marks omitted). "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). "The critical function of the grievance process is that it provides the institution with notice of a problem such that they have an opportunity to address the problem internally." *Toenniges v. Ga. Dep't of Corr.*, 600 F. App'x 645, 649 (11th Cir. 2015).

"[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true." *Id.* If, taking the plaintiff's facts as being true, the defendant is entitled to dismissal for failure to exhaust, then the complaint should be dismissed. *Id.* "If the complaint is not subject to dismissal at the first step . . . the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* The defendant bears the burden of proof during this second step. *Id.* In resolving the factual dispute, a court is authorized to make credibility determinations. *See Bryant*, 530 F.3d at 1377-78 (finding district court did not clearly err in determining plaintiff's allegation that he was denied access to grievance forms was not credible); *see also Whatley v. Smith*, 898 F.3d 1072, 1082-83 (11th Cir. 2018) (upholding district court's weighing of the evidence and

credibility determination to find that one of the inmate's grievances was not filed). Further, since dismissal for failure to exhaust is not an adjudication on the merits, the court can resolve factual disputes using evidence from outside the pleadings. *Bryant*, 530 F.3d at 1376-77.

### *TURNER* Step One

Defendants do not address whether Plaintiff's Complaint is subject to dismissal under *Turner* Step One. However, having considered Plaintiff's allegations regarding exhaustion in his Complaint (Doc. 1, at 3-4), and finding that he sufficiently alleges exhaustion of his remedies, the Court will proceed to the second *Turner* step and make specific findings based upon the evidence as submitted by the parties and resolve the disputed factual issues related to exhaustion.

### *TURNER* Step Two: Specific Findings

In support of their Motion, Defendants submit the declaration of Heather Davis, the Grievance Coordinator at VSP. (Doc. 39-3, at 1). In relevant part, submitted as exhibits to Ms. Davis's declaration are the Georgia Department of Corrections' ("GDC") statewide grievance procedure, Plaintiff's grievance history, and Plaintiff's grievance documentation related thereto. (Docs. 39-4, 39-5, 39-6).

The GDC's grievance policy applies to all offenders committed to the GDC. (Doc. 39-4, at 1). The policy requires an offender to complete a two-step process consisting of first filing an original grievance and then filing a central office appeal. *Id.* at 8. At the first step, the offender's grievance may be submitted electronically through a kiosk or tablet, or it may be submitted on paper on the GDC's required Grievance Form. *Id.* An offender must submit a grievance within ten (10) calendar days from the date the offender knew, or should have known, of the facts giving rise to the grievance. *Id.* Grievances filed later

than ten (10) days are only considered upon a showing of "Good Cause." *Id.*

Once the offender submits the grievance, the Warden has forty (40) calendar days from the date of submission to respond, although a ten (10) calendar day extension may be granted upon advising the offender prior to the expiration of the original forty (40) calendar days. *Id.* at 11. At the second step, after the Warden has responded, or the time in which the Warden was required to respond has expired, the offender must file an appeal to the Central Office. *Id.* at 14. The Commissioner then has 120 calendar days after the appeal is submitted in which to respond. *Id.* at 15.

Ms. Davis declares that Plaintiff only filed one (1) grievance in the months of September and October 2024: Grievance No. 372760. (Doc. 39-3, at 3). According to Ms. Davis, Plaintiff submitted Grievance No. 372760 on September 19, 2024, following the alleged attack against Plaintiff by his cellmate on September 14, 2024. *Id.* at 4. Ms. Davis states that the Warden denied Grievance No. 372760 on October 8, 2024, with Plaintiff acknowledging receipt of the denial on October 25, 2024. *Id.* Ms. Davis declares that Plaintiff's appeal of Grievance No. 372760 was received by prison staff on November 4, 2024, and the Central Office denied the appeal as untimely, which Plaintiff acknowledged receipt of on December 4, 2024. *Id.* The grievance documentation submitted in support of Ms. Davis's declaration mirrors her allegations. (Docs. 39-5 (grievance history); 39-6 (Grievance No. 372760).

Plaintiff's second Motion for Summary Judgment includes a response to the alleged untimely appeal of Grievance No. 372760. Therein, Plaintiff makes an unsubstantiated argument that the "Central Office of Appeals received the Grievance untimely due to the lack of staff at Valdosta State Prison[.]" (Doc. 44, at 5).

6

*TURNER* Step Two: Resolving Disputed Factual Issues

Considering the facts and evidence, the Court makes the following findings to resolve the disputed factual issues. The Court finds that Plaintiff did not exhaust his administrative remedies prior to filing this court action.

Defendants contend that Plaintiff failed to exhaust because he failed to timely appeal the Warden's denial of Grievance No. 372760. (Doc. 39-2, at 9). Plaintiff argues that the lack of staff at VSP caused his appeal to be untimely. (Doc. 44, at 5). However, based on the evidence before the Court, none of which is disputed on the relevant issues, the Court finds that Plaintiff failed to exhaust his administrative remedies for the simple reason that Plaintiff effectively filed his federal Complaint before he received the Warden's denial of Grievance No. 372760.

Although the Court received Plaintiff's Complaint on November 6, 2024, Plaintiff effectively filed this action on October 20, 2024, when he signed his Complaint. (Doc. 1, at 15). "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012) (internal quotation marks omitted). "Unless there is evidence to the contrary, like prison logs or other records, we assume that a prisoner's motion was delivered to prison authorities on the day he signed it." *Id.* Plaintiff did not receive the Warden's denial of Grievance No. 372760 until October 25, 2024. (Doc. 39-6, at 1). Thus, Plaintiff filed his federal Complaint five (5) days before he received the Warden's denial of Grievance No. 372760.[2] As a result, Plaintiff failed to exhaust his

---

[2] Plaintiff's failure to exhaust is even more stark if looking at when the Central Office denied the appeal of Grievance No. 372760. Considering exhaustion from that standpoint, Plaintiff filed his federal Complaint more than a month before he received the denial of the appeal of Grievance No. 372760, as the Central Office denied the appeal on November 27, 2024, and Plaintiff acknowledged receipt of the denial on December 4, 2024. (Doc. 39-6, at 4).

administrative remedies.

Because Plaintiff may be alleging that the grievance process was unavailable to him, the Court will now consider the *Ross* circumstances.

<u>The *Ross* Circumstances</u>

"An inmate need exhaust only such administrative remedies as are 'available.'" *Ross v. Blake*, 578 U.S. 632, 648 (2016). An administrative procedure is rendered unavailable when (1) officers' consistent unwillingness to provide relief to aggrieved inmates causes it to operate as a dead end, (2) an administrative scheme is so opaque that it becomes incapable of use, and (3) prison administrators thwart inmates from using the grievance process through machination, misrepresentation, or intimidation ("*Ross* circumstances"). *Id.* at 643-44.

> After *Ross*, a proper *Turner* analysis
>
> requires the plaintiff to allege a grievance procedure is unavailable to him in response to the defendant's affirmative defense of failure to exhaust. Responding with allegations that a prison system is unavailable allows the district court to complete the necessary analysis set forth in *Turner* for evaluating whether a defendant is entitled to have a complaint dismissed for failure to exhaust.

*Geter v. Baldwin State Prison*, 974 F.3d 1348, 1356 (11th Cir. 2020) (citing *Turner*, 541 F.3d at 1082). "While the burden is on the defendant to show an available administrative remedy, once that burden has been met, the burden of going forward shifts to the plaintiff, who, pursuant to *Turner*, must demonstrate that the grievance procedure was 'subjectively' and 'objectively' unavailable to him." *Id.* (citing *Turner*, 541 F.3d at 1085).

Here, Plaintiff did not file a response to Defendant's affirmative defense of failure to exhaust, but he did allege that the Central Office untimely received his appeal of Grievance No. 372760 because of a lack of staff at VSP. (Doc. 44, at 5). However, the Court

8

need not decide this issue because, even assuming short staffing at VSP caused Plaintiff's appeal to be submitted untimely, Plaintiff did not receive the Warden's denial of Grievance No. 372760 until <u>after</u> he filed this federal action. In other words, whether prison staff delayed processing of Plaintiff's grievance appeal has no bearing on whether Plaintiff failed to exhaust because Plaintiff had not completed the first of the two steps of VSP's grievance process when he filed this federal action. Accordingly, the Court finds that Plaintiff's failure to exhaust was not related to the unavailability of administrative remedies. As a result, Defendants' Motion for Summary Judgment treated as a Motion to Dismiss for failure to exhaust administrative remedies should be granted and Plaintiff's Complaint be dismissed.

Having found that Defendants are entitled to summary judgment on that ground, the Court declines to consider Defendants' other asserted grounds.

## II.    Plaintiff's Motions for Summary Judgment

Plaintiff filed two (2) Motions for Summary Judgment. (Docs. 41, 44). These Motions appear to be responses to Defendants' Motion for Summary Judgment, rather than motions for summary judgment. (*See generally* Docs. 41, 44). Regardless, as the Court has recommended that Defendants' Motion for Summary Judgment be granted based on Plaintiff's failure to exhaust his administrative remedies, and Plaintiff's Complaint be dismissed as a result thereof, it is also recommended that Plaintiff's Motions for Summary Judgment be denied as moot.

## Conclusion

Having considered the factual allegations, made findings thereof, and resolved the factual disputes in accordance with the first and second *Turner* steps, it is **RECOMMENDED** that Defendants' Motion for Summary Judgment treated as a

Motion to Dismiss (Doc. 39) be **GRANTED**, and that Plaintiff's Complaint be **DISMISSED without prejudice**. It is **FURTHER RECOMMENDED** that Plaintiff's Motions for Summary Judgment (Docs. 41, 44) be denied as moot.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, <u>WITHIN FOURTEEN (14) DAYS</u> after being served with a copy thereof. The District Judge shall make a de novo determination as to those portions of this Recommendation to which objection is made; all other portions of this Recommendation may be reviewed by the district judge for clear error. Any objection is limited in length to TWENTY (20) PAGES. *See* M.D. GA. L.R. 7.4.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 24th day of March, 2026.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE