**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

GRADY RENARD WILLIAMS, JR.,            :
                                       :
     Plaintiff,                        :
                                       :
v.                                     :
                                       :   CASE NO.: 7:24-CV-00102 (WLS)
DONTAE EVANS, *et al.*,                :
                                       :
     Defendants.                       :
_____ :

## <u>ORDER</u>

Before the Court is Recommendation (Doc. 47) from United States Magistrate Judge Alfreda L. Sheppard entered on March 24, 2026. Therein, Judge Sheppard recommends that (1) Defendants' Motion for Summary Judgment (Doc. 39) be granted, (2) Plaintiff's Motions for Summary Judgment (Docs. 41 & 44) be denied, and (3) Plaintiff's Complaint be dismissed in light of Plaintiff's failure to exhaust his administrative remedies prior to filing the Complaint in this action. (Doc. 47 at 7–9). For the reasons discussed herein, the Recommendation is **ACCEPTED**, **ADOPTED**, and made the Order of this Court.

## I.   <u>RELEVANT BACKGROUND</u>

Plaintiff filed the above-captioned action on November 6, 2024. On January 28, 2025, Judge Sheppard entered the first of three Recommendations in this matter. The Recommendation (Doc. 5) granted Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 2) and recommended that some of Plaintiff's claims be allowed to proceed for further factual development. In granting the IFP Motion, Judge Sheppard noted that Plaintiff's Complaint was subject to dismissal under 28 U.S.C. § 1915(g)'s "three strikes provision" based on previous lawsuits filed by Plaintiff that were dismissed as frivolous or malicious or for failure to state a claim. (Doc. 5 at 2). However, Judge Sheppard found that Plaintiff had sufficiently alleged an imminent danger of serious physical injury such that the § 1915(g) exception to the three strikes rule applied to allow his claims to proceed. (*Id.* at 4–5). On August 20, 2025, the Court overruled Plaintiff's objection (Doc. 11) challenging the denial of his motion for preliminary injunction and accepted and adopted the Recommendation. (Doc. 32).

1

The instant Recommendation (Doc. 47) was entered on March 24, 2026. The Recommendation and 28 U.S.C. § 636(b)(1) provided the Parties with fourteen days to object to Judge Sheppard's findings and recommendations. (Doc. 47 at 10). Plaintiff filed an Objection (Doc. 48) on April 28, 2026, thirty-five (35) days after the Recommendation was entered. Although the objection was filed after the deadline, the Court will, in the interest of fairness, consider the objection in addressing the Recommendation. Plaintiff should not expect this accommodation and leniency with respect to future filings. As with all parties, Plaintiff is required to timely meet all deadlines and comply with the Orders of the Court.

## II.    STANDARD OF REVIEW

A judge of the district court shall make a *de novo* determination of those portions of the recommendation to which an objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. To properly object to the Recommendation, Plaintiff is required to provide "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (internal quotation marks omitted). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Id.* at 784. In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the Court may "accept, reject, or modify, in whole or in part, the findings and recommendations." 28 U.S.C. § 636(b)(1). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Shuler v. Okeechobee CI Warden*, 815 F. App'x 457, 458 (11th Cir. 2020) (internal quotations marks omitted).

## III.    DISCUSSION

Plaintiff's Objection (Doc. 48) reiterates the allegations in his Complaint that he is in imminent danger of serious physical harm and argues that this excuses his failure to exhaust administrative remedies.

The concept of "imminent danger" generally applies to whether inmates who have had three or more previous lawsuits dismissed for frivolity (i.e., "three strikes") may nevertheless proceed *in forma pauperis* if they demonstrate imminent danger of physical injury. *See Daker v. Ward*, 999 F.3d 1300, 1310–11 (11th Cir. 2021); 28 U.S.C. § 1915(g) (barring inmates from

2

proceeding IFP if they had an action dismissed on three or more prior occasions "on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury"). But an imminent threat of serious physical injury does not excuse a prisoner's failure to exhaust administrative remedies. *See Jackson v. Clark*, No. 5:22-CV-00459, 2023 WL 5153724, at \*5 (M.D. Ga. Aug. 10, 2023) (citing *Arbuckle v. Bouchard*, 92 F. App'x 289, 291 (6th Cir. 2004) ("The PLRA does not excuse exhaustion for prisoners under imminent danger of serious physical injury.")); *Heard v. Allen*, No. 1:09-CV-119 WLS, 2010 WL 3855235, at \*3 (M.D. Ga. Aug. 12, 2010), *report and recommendation adopted*, No. 1:09-CV-119 WLS, 2010 WL 3855232 (M.D. Ga. Sept. 27, 2010) (same); *Williams v. Rich*, No. CV 606-003, 2006 WL 2534417, at \*10 (S.D. Ga. Aug. 30, 2006) (same).

Here, as noted above, Plaintiff was allowed to proceed IFP under the imminent danger exception, but that does not excuse him from exhausting his administrative remedies. Thus, Plaintiff's Complaint is still subject to dismissal for failure to exhaust for the reasons stated in the Recommendation and to which Plaintiff does not object.

## CONCLUSION

Upon full review and consideration of the Record, Plaintiff's Objection (Doc. 11) is **OVERRULED**. The Recommendation (Doc. 5) is **ACCEPTED**, **ADOPTED**, and made the Order of this Court, for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein. As a result, Defendants' Motion for Summary Judgment (Doc. 39) is **GRANTED**. Plaintiff's Motions for Summary Judgment (Docs. 41 & 44) are **DENIED** as moot. Plaintiff's Complaint is therefore **DISMISSED**, without prejudice.

**SO ORDERED,** this 5th day of May 2026.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**